IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENISE GERMAINE DORSEY,
    Plaintiff,

v.

NANCY A. BERRYHILL*, ACTING
COMMISSIONER OF SOCIAL SECURITY
    Defendant.

CIVIL ACTION NO. 16-5803

## ORDER

**AND NOW**, this 2nd day of October 2017, upon careful and independent consideration of Plaintiff's Request for Review, the response and reply thereto, the administrative record, and the Report and Recommendation ("R&R") of United States Magistrate Judge Jacob P. Hart, to which no objections have been filed, it is hereby **ORDERED** that:

1. The Clerk is directed to **REMOVE** the case from Civil Suspense;

2. The R&R [Doc. No. 17] is **APPROVED** and **ADOPTED** for the reasons set forth therein[1]; and

---

* Substituted pursuant to Federal Rule of Civil Procedure 25(d).

[1] The Court agrees with the thorough and comprehensive R&R that the opinion of the Administrative Law Judge ("ALJ") erred in failing to address statements provided by Plaintiff's friend and family members in evaluating the severity of Plaintiff's mental impairment. Here, the ALJ's omission is material because the ALJ assigned "little weight" to the opinion of Plaintiff's treating mental health practitioners after concluding that it was "inconsistent with the record as a whole," and the third-party lay witness statements, which corroborated the alleged duration and intensity of Plaintiff's symptoms, were relevant to the balance of the evidence. Record at 21. On remand, the ALJ should fully consider the third-party submissions alongside the medical opinion of Plaintiff's treating practitioners and other evidence in the record.

The Court also agrees with the R&R that there was substantial evidence to support the ALJ's finding that Plaintiff could sit/stand for up to four hours a day, and that the ALJ did not err in obtaining testimony from a vocational expert to advise on the existence of jobs that accommodate the additional limitations that Plaintiff has on top of the "unskilled light" occupational base. However, on remand, the ALJ should evaluate the cumulative effect of all of Plaintiff's mental and physical impairments on her residual functional capacity.

3. Plaintiff's Request for Review [Doc. No. 12] is **GRANTED IN PART** and **DENIED IN PART**, and this matter is **REMANDED** to the Commissioner for a new hearing.

It is so **ORDERED.**

**BY THE COURT:**

*/s/ Cynthia M. Rufe*
**CYNTHIA M. RUFE, J.**